# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SERIES 15-09-321, | ) | CASE NO. 1:23-CV-02015 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| PROGRESSIVE CORPORATION, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

On October 13, 2023, Plaintiff SERIES 15-09-321 filed a Complaint against Progressive Corporation, Progressive American Insurance Company, Progressive Select Insurance Company, Progressive Direct Holdings, Inc., Progressive Casualty Insurance Company, Progressive Classic Insurance, Progressive Northwestern Insurance Company, Progressive Advanced Insurance Company, and Progressive Hawaii Insurance Corporation (hereinafter collectively referred to as "Defendants"). (ECF No. 1, PageID #1). Defendants moved to dismiss soon thereafter, (ECF No. 13, PageID #174), and the Court now considers that Motion.

## I.  RELEVANT BACKGROUND

Plaintiff claims that an unnamed entity assigned it the right to recover unreimbursed Medicare payments from Defendants via a 2021 Claims Assignment Agreement (the "Assignment Agreement"). (ECF No. 1, PageID #27–28). Under Medicare Part C, private insurers (like Defendants) hold primary payer responsibility for medical expenses covered by their beneficiaries' policies. 42 U.S.C. § 1395y(b). They may fulfill that responsibility by reimbursing payments made by the beneficiaries' Medicare Advantage Organizations (MAOs). 42 U.S.C. § 1395y(b)(2)(B). These MAOs' payments are conditional on the primary payers' reimbursements, and when these private insurers fail to reimburse, the MAOs can sue them. *Id*.

1

Title 42 U.S.C. § 1395y(b)(8) (better known as Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007) requires primary payers to accurately report their claims to the Centers for Medicare and Medicaid Services (CMS) so the agency can administer benefits to claimants. Title 42 U.S.C. § 1395(y)(b)(3)(A) creates a private cause of action for MAOs to sue delinquent insurers and recover damages for the reimbursements owed to them. Primary payers that violate Section 111 are liable for civil penalties under 42 U.S.C. § 1395y(b)(8)(E)(i).

Plaintiff claims that an unidentified MAO transferred it "any and all" rights to certain unreimbursed Medicare Part C claims via a 2021 Assignment Agreement. (*Id.* at PageID #27). Plaintiff alleges that it tried and failed to coordinate payment of the outstanding reimbursements with Defendants, who also repeatedly failed to report claims as required by Section 111. (*Id.* at PageID #22, 51–52). Plaintiff asserts four causes of action: recovery of unreimbursed payments under 42 U.S.C. § 1395(y)(b)(3)(A) (Count I); breach of contract (Count II); fraudulent concealment (Count III); and declaratory relief under 28 U.S.C. § 2201 (Count IV). (*Id.* at PageID #48–54).

On December 15, 2023, Defendants moved to dismiss Plaintiff's Complaint. (ECF No. 13, PageID #174). The Motion argues that Plaintiff's Complaint lacks standing to bring this lawsuit. (*Id.*). Defendants claim that Plaintiff cannot establish an "injury-in-fact" because the Complaint does not identify Plaintiff's MAO assignor. (ECF No. 13-1, Def.'s Mem. Supp. Mot. to Dismiss, PageID #190–91). Even if it did, Defendants argue that the Complaint fails to establish Plaintiff's right to pursue these claims. (*Id.* at PageID #192). This deficiency is twofold. First, the Complaint does not include the Assignment Agreement; this leaves the Court unable to determine whether any of Plaintiff's proffered Medicare claims were actually assigned to it, and of those claims, which remain unreimbursed. (*Id.*). Second, the Complaint states that the Assignment Agreement grants

Plaintiff the right to recover payments through seven specified causes of action. (*Id.* at PageID #193–94). This list does not include fraudulent concealment, and thus precludes Count III. (*Id.*). Finally, the Complaint fails to plead conduct that is "fairly traceable" to four of the named Defendants—Progressive Select Insurance Company, Progressive Direct Holdings, Inc., Progressive Northwestern Insurance Company, and Progressive Claims Management—because it does not make any specific allegations against them. (*Id.*).

Plaintiff responded to Defendant's motion to dismiss on April 30, 2025. (ECF No. 69, PageID #782). Plaintiff states that Defendants mount a facial attack on the Complaint, and the standing assessment is therefore limited to the allegations as they have been pleaded. (*Id.* at PageID #792–93). In defense of the Complaint, Plaintiff points to case law indicating that litigants need not attach "the actual assignment agreement" to establish standing at the pleading stage, so long as relevant excerpts and allegations are included. (*Id.* at PageID #795; 797–98). Plaintiff also claims that MAO assignor's identity is commercially sensitive, and it is within its interest—as well as the terms of the Assignment Agreement's "confidentiality clause"—to keep it hidden from public view. (*Id.* at PageID #795–96). Finally, Plaintiff explains that it did not make specific allegations against three of the named defendants because Defendants' inaccurate reporting has forced it to wait until discovery to determine which entities are connected to which beneficiary claims. (*Id.* at PageID #799).[1]

Defendants responded to Plaintiff's counterarguments in a reply brief filed on May 14, 2025. (ECF No. 70, PageID #814, 818–19). Defendants state that Plaintiff's claims ultimately amount to a series of legal conclusions rather than factual allegations. (*Id.*). First, they concede

---

[1] Plaintiff also argues that the Assignment Agreement entitles it to bring the fraudulent concealment claim, because the Agreement grants it "*any and all*" of the assignor's rights to causes of action "*stemming* from the MSPA." (*Id.* at PageID #798–99). Since the Court's Order does not reach the fraudulent-concealment issue, no further discussion on this topic is warranted.

3

that the Plaintiff need not attach the full Assignment Agreement to its Complaint but maintain that it must include all the Agreement's essential terms to make out a valid assignment of rights; the identity of the MAO is one such essential term. (*Id.* at PageID #820). Second, Defendants insist that Plaintiff must assert facts, rather than conclusory statements, establishing its right to pursue these specific Medicare claims. (*Id.* at PageID #823). Third, Defendants reiterate that Plaintiff's foundational burden of alleging harm *by* the defendants supersedes whatever difficulty it encountered in connecting the correct parties with the claims. (*Id.* at PageID #824–25).

## II. STANDARD OF REVIEW

In any federal case, "[s]tanding is a threshold issue . . . and must be present at the time the complaint is filed." *Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017). Thus, a court must be sure of a litigant's standing to bring claims before addressing the claims' merits. *See Inner City Contr., LLC v. Charter Twp. of Northville*, 87 F.4th 743, 750 (6th Cir. 2023) ("Without standing, a federal court has no jurisdiction to hear the case. Therefore, we must determine whether [the plaintiff] has standing to assert its claims at the outset.").

The party invoking federal jurisdiction must establish standing by demonstrating three elements: (1) an "injury-in-fact"; (2) that the injury is "fairly traceable" to the defendant's conduct; and (3) that the injury is redressable by the court's decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). These three elements comprise the "actual cases or controversies" subject to the jurisdiction of the federal courts by Article III of the Constitution. *Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012). As such, an attack on standing is an attack on subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1). *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013).

A party can challenge subject matter jurisdiction in one of two ways: factually or facially. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). A factual attack questions the actual existence of subject matter jurisdiction. *Id.* When handling a factual attack, a court is allowed to look beyond the mere pleadings and use external evidence to determine whether there is subject matter jurisdiction *in-fact*. *Id.* A facial attack questions only the existence of subject matter jurisdiction as alleged in the pleadings. *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Unlike a factual attack, a facial attack is limited to the four corners of the complaint and accepts the plaintiff's allegations as true. *Id.* If the plaintiff does not allege facts that demonstrate standing, the complaint should be dismissed for lacking subject matter jurisdiction. *Id.*

Defendants mount a facial challenge to Plaintiff's standing; they contend only that "Plaintiff *has not demonstrated* its standing." (ECF No. 13-1, PageID #184) (emphasis added). In their motion, Defendants argue that Plaintiff lacks standing because its Complaint "*has failed to identify* its alleged assignor*, has failed to allege any facts* demonstrating that any of its claims were actually assigned to it, and *has not alleged any facts* whatsoever about [three] of the ten named Defendants." (ECF No. 13, PageID #174) (emphasis added). Their attack is not focused on what is *in-fact* true, but on what is included in the Complaint. As such, the Court will examine only the allegations in the Complaint, without considering any external evidence of those allegations.

5

### III. DISCUSSION

#### A. Lack of injury "fairly traceable" to Progressive Select Insurance Company, Progressive Direct Holdings, Inc., Progressive Northwestern Insurance Company, and Progressive Claims Management

To begin, Plaintiff's failure to lodge specific allegations against four of the Defendants—Progressive Select Insurance Company, Progressive Direct Holdings, Inc., Progressive Northwestern Insurance Company, and Progressive Claims Management[2]—is fatal to its claims against those defendants. For an injury to be "fairly traceable to the challenged action of the defendant . . . there must be a causal connection between the injury and the conduct complained of." *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As such, standing to sue *any* given defendant depends on the plaintiff's ability to show that the defendant somehow caused the injury in fact. *See Hardwick v. 3M Co. (In re E.I. du Pont de Nemours)*, 87 F.4th 315, 320 (6th Cir. 2023) ("[T]he plaintiff must tie his injury 'to each defendant.'") (quoting *Fox v. Saginaw Cnty.*, 67 F.4th 284, 293 (6th Cir. 2023)).

Plaintiff admits that it named Progressive Select Insurance Company, Progressive Direct Holdings, Inc., and Progressive Northwestern Insurance Company as defendants without asserting any specific allegations against them. (ECF No. 69, PageID #799). Plaintiff argues that it should be excused from stating claims against these defendants because it does not know yet whether it has claims against them, but that argument puts the cart well ahead of the horse. Plaintiff cannot maintain suit against these three defendants without factual allegations claiming that its alleged injury is "fairly traceable" to their conduct. *See Fox*, 67 F.4th at 293 ("[A] plaintiff's standing to

---

[2] Plaintiff did not address Defendants' claim that Plaintiff lacks standing as to Progressive Claims Management. in its response to Defendants' Motion to Dismiss. (ECF No. 69, PageID #797). Plaintiff has therefore abandoned its claims against Progressive Claims Management. *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) (noting that a district court need not consider certain claims, because plaintiff's failure to respond to motion to dismiss them constituted abandonment).

6

sue one defendant does not give the plaintiff standing to sue every other defendant."). Since Plaintiff does not tie any injury alleged in the Complaint to Progressive Select Insurance Company, Progressive Direct Holdings, Inc., and Progressive Northwestern Insurance Company, Plaintiff's Complaint is dismissed without prejudice as to these three defendants.

### B. Assignment of Claims

#### 1. Identity of Assignor

As for the remaining Defendants, Plaintiff's failure to allege the essential terms of the Assignment Agreement deprives Plaintiff of standing to sue. "[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000). Because an assignee proffers its assignor's injury-in-fact rather than its own, an assignee's standing is contingent upon proof that it has truly been assigned the right to recover for the asserted injury. *See, e.g., MAO-MSO Recovery II, LLC v. Progressive Corp.*, No. 1:17CV390, 2018 U.S. Dist. LEXIS 119046, at *10 (N.D. Ohio Jul. 17, 2018) ("Since Plaintiffs themselves are not MAOs, Plaintiffs must show an injury-in-fact by presenting a valid assignment from an MAO.").

Courts across the country, including several in this Circuit, have held that the assigning MAO's identity is a necessary component to establish standing. *See MAO-MSO Recovery II, LLC v. Progressive Corp.*, No. 1:17CV686, 2018 WL 4075880, at *4 (N.D. Ohio Aug. 27, 2018) ("Plaintiffs have merely made conclusory allegations in their Complaint that they have been assigned rights of recovery from several unnamed MAOs. However, without documentation showing that at least one Plaintiff has been assigned recovery rights from at least one MAO, the Court cannot find that Plaintiffs have satisfied their burden of proving Article III standing."); *MAO-MSO Recovery II, LLC v. Nationwide Mut. Ins. Co.*, No. 2:17-cv-263, 2018 WL 4941111, at

7

\*3 (S.D. Ohio Feb. 28, 2018) (listing the identity of the MAO assignor as part of the "who, what, where, when, how or why" of a proper complaint); *MAO-MSO Recovery II, LLC v. MSP Recovery*, LLC, No. CV 17-02525, CV 17-2557, 2017 WL 5086293, at \*4 (C.D. Cal. Nov. 2, 2017) ("Plaintiffs must allege facts sufficient to support these contentions, such as the identity of the MAOs whose reimbursement rights they claim to own[.]"); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharms.*, Inc., 281 F. Supp. 3d 1278, 1283 (S.D. Fla. 2017) (holding that the plaintiffs failed to show that they suffered an injury in fact, in part, because they failed to "allege the identity of the MAOs whose reimbursement rights they claim to own").

In fact, Plaintiff itself has had several complaints across the country dismissed for the same reason. *Series 15-09-321 v. Hartford Fin. Servs. Grp., Inc.*, No. 3:23-cv-134, 2024 WL 4871644, at \*12 (D. Conn. Nov. 22, 2024) ("[Plaintiff] has failed to provide an essential term of the agreement—the name of the MAO assignor."); *Series 15-09-321 v. Ins. Exch.*, No. CV 23-8684-KK-ASx**,** 2024 U.S. Dist. LEXIS 171620, at \*11 (C.D. Cal. Sept. 23, 2024) ("To adequately plead an assignment of rights for purposes of establishing Article III standing, a plaintiff must allege the identity of the parties to the assignment.") (internal citations omitted); *Series 15-09-321 v. Liberty Mut. Ins. Co.*, No. 23-cv-12382, 2024 WL 869447, at \*6 (D. Mass. Feb. 29, 2024) ("[B]ecause MSP has failed to plead the existence of a valid assignment contract with the MAO, it stumbles on the injury-in-fact requirement.").

Plaintiff argues that it need not identify its MAO assignor in the Complaint because it produced that information privately to Defendants. (ECF No. 69, PageID #795). But Defendants' knowledge of the MAO assignor's identity is entirely separate from whether Plaintiff successfully alleged standing on the face of the Complaint. Despite Defendants' arguments here and the numerous other matters dismissed for its failure to identify the MAO assignor, Plaintiff has made

8

no effort (such as a motion to seal a more complete version of the complaint) to identify its MAO assignor, and thus, satisfactorily allege standing.

Plaintiff points to orders in two cases to support its argument, but neither deal with motions to dismiss at the pleading stage. Order Re: Defendants' Motion Challenging Plaintiffs' Confidentiality Designations at 7, *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 2:17-cv-02559-CAS(PLAx) (C.D. Cal. Oct. 12, 2017); Order Following Discovery Hearing at 3, *MSP Recovery Claims, Series LLC, v. Am. Fam. Connect Prop. & Cas. Ins. Co.*, No. 1:23cv20133 (S.D. Fla. May 25, 2023). In fact, the first of these cases was dismissed for Plaintiff's failure to identify the MAO assignor in the complaints. *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 2:17-cv-02559-CAS(PLAx), 2017 WL 5634097, at *7 (C.D. Cal. Nov. 20, 2017) ("[P]laintiffs should, at the very least, plead the identity of the parties to the assignments and their essential terms."). The second involved the terms of a protective order filed in that case; a similar order has not been filed in this case. Order Following Discovery Hearing at 3, *MSP Recovery Claims, Series LLC, v. Am. Fam. Connect Prop. & Cas. Ins. Co.*, No. 1:23cv20133 (S.D. Fla. May 25, 2023).

Without alleging the MAO assignor's identity in the Complaint, Plaintiff has failed to establish an injury in fact, and therefore, standing. The Complaint must be dismissed on this basis alone.

### 2. Validity of Assignment Agreement

Moving beyond the lack of allegations relating to the MAO assignor's identity, Plaintiff also fails to establish an injury in fact because Plaintiff did not allege other essential terms of the Assignment Agreement. To reiterate, an assignee can only claim standing to recover for an assignor's injury when the assignee received a valid assignment of rights. *Brown v. Bluecross Blueshield of Tenn., Inc.*, 827 F.3d 543, 546 (6th Cir. 2016). This means that, to make it past the

pleadings stage, a plaintiff must allege facts that demonstrate such an assignment. *See Mackinac Ctr. for Pub. Pol'y v. Cardona*, 102 F.4th 343, 350 (6th Cir. 2024) ("As the district court dismissed this case at the pleading stage, Plaintiffs needed to clearly . . . allege facts demonstrating standing.") (internal citations omitted). For a facial challenge to the Complaint, genuine factual allegations must be accepted as true. *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The same does not apply to legal conclusions. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In Medicare reimbursement cases like these, federal courts commonly hold that plaintiffs cannot plead a valid assignment without advancing some factual allegations connecting the injury of at least one assignor MAO to at least one defendant. *MAO-MSO Recovery II, LLC v. Am. Fam. Mut. Ins. Co.*, No. 17-cv-175-jdp, 2018 U.S. Dist. LEXIS 23146, at *13 (W.D. Wis. Feb. 12, 2018) (collecting cases) (citing *Farm. Ins. Exch.*, 2017 U.S. Dist. LEXIS 192880, at *20).

Plaintiff's Complaint lacks standing because it attempts to do just that: plead a valid assignment without true factual allegations. Plaintiff alleges:

> [T]he MAO Assignor irrevocably assigned all rights to recover payments . . . exclud[ing] claims where the MAO Assignor already recovered on the claim or is pursuing the claim . . . The claims set forth in this Complaint are not subject to any carveout, exclusion, or any other limitation in law or equity that would impair Plaintiff's right to bring the claim asserted.

(ECF No. 1, PageID #27–28). Federal courts have dismissed complaints with nearly identical assignment language because this language is conclusory. *MSP Recovery Claims, Series LLC v. Endurance Am. Ins. Co.*, No. 20-23219-Civ-Scola, 2021 U.S. Dist. LEXIS 32865, at *9 (S.D. Fla. Feb. 22, 2021) (finding a lack of standing where it was "alleged" that a claim "'has been assigned to Plaintiff' and that such claim is 'not subject to any carveouts, exclusions, or other limitations'"); *MSP Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*, No. 6:19-CV-00211 (MAD/TWD), 2019 U.S. Dist. LEXIS 151147, at *6 (N.D. N.Y. Sept. 5, 2019) (dismissing

ambiguous agreement that "irrevocably assigns . . . 'any and all . . . right[s], title, ownership and interest in and to all Assigned Medicare Recovery Claims' and excludes from the assignment 'Assignor Retained Claims'"); *MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co.*, No. 18 C 7849, 2019 U.S. Dist. LEXIS 217197, at *6 (N.D. Ill. Dec. 18, 2019) (dismissing for lack of standing when plaintiffs did not provide any factual information relating to their assignment of "all, right, title, interest in and ownership of Medicare Recovery . . . and excluding Medicare Recovery Claims that, as of the Effective Date, have been assigned to and/or are being pursued by other recovery vendors"). Without a truly *factual* allegation of assignment, the Court cannot accept that the Assignment Agreement is valid or that Plaintiff has standing to pursue claims for the assignor MAO's injury in fact.

Plaintiff attempts to skirt this issue, arguing that the validity of these kinds of assignment agreements has been litigated and confirmed in previous cases. (ECF No. 69, PageID #792). As Defendants point out, however, the cases Plaintiff cites involved litigants who pleaded genuine factual allegations by filing assignment evidence, including the agreements themselves. (ECF No. 70, PageID #820–21). For instance, in *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, the plaintiffs submitted an affidavit and ***attached the assignment agreements*** to the third amended complaint as exhibits, providing the court with clear, factual grounds for standing. 974 F.3d 1305, 1318 (11th Cir. 2020); Third Amended Complaint at 12–14, *MSP Recovery Claims, Series LLC v. ACE American Insurance Company*, No. 1:17-cv-23749 (S.D. Fla. Jan. 19, 2018). *See also* Complaint at 9–10, *MSP Recovery Claims v. QBE Holdings, Inc.*, No. 6:18-cv-01458-GAP-GJK (M.D. Fla. Sept. 6, 2018) (including assignment agreements and addenda as exhibits). These were not mere excerpts or descriptions of assignments, but the assignments themselves.

11

Plaintiff also emphasizes that this is a facial attack on standing, and that its allegations should therefore be accepted as true without the need for any further support (like the attachment of assignment agreements). (ECF No. 69, PageID #791–92). The elements of standing, however, "are not mere pleading requirements but rather an indispensable part of the plaintiff's case," and therefore must be supported "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As one district court observed, pleadings such as Plaintiff's in this case—which broadly allege assignment for a large, unspecified number of claims—"are so conclusory that they could apply to any one of the many lawsuits that plaintiffs have filed throughout the country." *MAO-MSO Recovery II, LLC v. Am. Fam. Mut. Ins. Co.*, No. 17-cv-175, 2018 WL 835160, at *5 (W.D. Wis. Feb. 12, 2018). *Twombly* and *Iqbal* require more:

> In *Twombly*, in the context of an antitrust conspiracy claim, the Court rejected the view that a conclusory allegation of an agreement satisfied Rule 8. Rather, "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible ground to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."

*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Like *MAO-MSO Recovery II*, Plaintiff's Complaint could apply to any one of its other lawsuits across the country. Also like *MAO-MSO Recovery II*, Plaintiff has a history of filing cases without demonstrating its right to sue. Plaintiff has failed to establish the essential terms of the assignment it received from the MAO assignor, and has therefore failed to establish its standing to sue in this case. Having concluded that Plaintiff lacks standing to assert all its claims, the Court will not address the parties' arguments relating to fraudulent concealment.

12

**IV. Conclusion**

For the reasons explained above, Plaintiff has failed to establish Article III standing to assert the claims in its Complaint. Accordingly, Defendants' motion to dismiss is **GRANTED**.

Plaintiff shall have until August 1, 2025, to file an amended complaint and, if requested, a motion to file such amended complaint under seal. Plaintiff's amended complaint must include: (1) connection of at least one claim for relief against every named defendant; (2) the identity of the MAO assignor; and (3) evidence that Plaintiff has been assigned the right to recover the debts allegedly owed in this case. If Plaintiff does not file an amended complaint by August 1, 2025, or if it does so but it does not adhere to the mentioned requirements, the Court will dismiss this case without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

**Date: July 2, 2025**

*(signature)*

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**